IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JASON ZWART and CARRIE ZWART,
individually and as parents and next friends
of JAVIN DOUGLAS ZWART, a minor,

    Plaintiffs,

v.    No. 10-1264 B

BOAT OWNERS ASSOCIATION OF THE
UNITED STATES,

    Defendant.

_____

ORDER OF DISMISSAL
_____

    This action was initially brought in the Circuit Court of Henry County, Tennessee on August 31, 2010 by the Plaintiffs, Jason Zwart and Carrie Zwart, individually and as parents and next friends of Javin Douglas Zwart, a minor, alleging breach of contract. (D.E. 1-1.) The Plaintiffs were represented by counsel. The matter was removed to this Court on October 1, 2010 by the Defendant, Boat Owners Association of the United States ("Boat Owners"), on grounds of original and diversity jurisdiction. (D.E. 1.)

    The scheduling order entered on February 8, 2011 directed the parties to engage in mediation on or before the close of discovery and to file a report thereon. (D.E. 11.) When no report was filed, the Court, on April 17, 2012, ordered the parties to show cause why sanctions, including dismissal, should not be imposed for failure to comply with orders of the Court. (D.E. 30.) Only the Defendant responded to the show cause order, advising the Court that the Plaintiffs had failed to appear for depositions, Carrie Zwart on one occasion and Jason Zwart on two, before such discovery was ultimately accomplished on March 2, 2012. (D.E. 32.)

On April 23, 2012, Boat Owners moved for summary judgment as to all claims alleged by the Plaintiffs. (D.E. 31.) Upon the Plaintiffs' failure to respond to the dispositive motion, the Court on June 14, 2012 directed them to show cause, within eleven days, why this lawsuit should not be dismissed for failure to prosecute. (D.E. 33.) The Plaintiffs were advised therein that "failure to file a sufficient and timely response to this directive may result in dismissal of this action in its entirety." (Id. at 1.) No response to the Court's show cause order was filed.

On July 2, 2012, the office of Plaintiffs' attorney, Richard L. Dunlap III, informed Jason Zwart by letter that Dunlap had died and suggested he contact attorney Mike Pleasants, who was associated on the case. (D.E. 34.) Thereafter, Pleasants was added as attorney of record for the Plaintiffs. A letter from Dunlap's office was received by the Court on July 25, 2012, advising it that Pleasants had been hospitalized and that the Zwarts had been notified and asked to obtain other counsel. (D.E. 38.) On July 26 and August 27, 2012, the Court held status conferences with Defendant's lawyer and Jim Ridley, who represented Pleasants and informed the Court of his medical condition. (D.E. 39, 43.) As it was clear Pleasants could no longer represent the Plaintiffs in this matter, the Court entered an order on August 29, 2012 directing Plaintiffs to advise it within thirty days of the name of their new attorney or of their decision to represent themselves. (D.E. 44.) The Court stated therein that "[f]ailure of the Plaintiffs to comply with this order or with other orders of the Court will result in the dismissal of this lawsuit, without further notice, for failure to prosecute." (Id. at 3.) To date, no further filings have been made by the Plaintiffs.

Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). Rogers v. City of Warren, 302 F. App'x 371, 375 n.4 (6th Cir. 2008). The authority to

dismiss a case under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted), *reh'g & suggestion for reh'g en banc denied* (June 30, 1999).  District courts are permitted substantial discretion in determining whether dismissal is appropriate.  Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."  Id. at 737.

In this case, the Plaintiffs have consistently neglected to move this case forward, either by not appearing for depositions or failing to respond to motions of the Defendant or orders of the Court.  The necessity of monitoring a case that the Plaintiffs apparently have no desire to pursue impacts the Defendant negatively and affects the Court's ability to manage its docket.  The Plaintiffs have been admonished in no uncertain terms and on more than one occasion as to the consequences of failing to comply with orders of the Court.  Under the circumstances, the Court finds no sanction short of dismissal will cure the Plaintiffs' failure to prosecute this matter.

Based on the foregoing, this matter is hereby DISMISSED.

IT IS SO ORDERED this 9th day of October 2012.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE